**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO.  19-CR-194** |
| | : | |
| v. | : | |
| | : | |
| **ROBERT LEAKE,** | : | |
| | : | |
| Defendant. | : | |

## GOVERNMENT'S MEMORANDUM IN SUPPORT OF PRETRIAL DETENTION

The United States of America, by and through its Attorney, the United States Attorney for the District of Columbia, respectfully moves this Court to order the pretrial detention of defendant Robert Leake, and in support thereof, submits this memorandum providing an overview of the investigation which led to the June 6, 2019 indictment of the defendant for firearms and narcotics charges. In support thereof, we submit as follows:

**I.     PROCEDURAL BACKGROUND**

On May 29, 2019, a criminal complaint was filed in the Superior Court for the District of Columbia charging defendant Robert Leake with one count of Unlawful Possession of a Firearm, in violation of D.C. Code, § 4503(a)(1) and Unlawful Possession with Intent to Distribute a Controlled Substance While Armed in violation of 48 D.C. Code, §904.01(a)(1), 22 D.C. Code, §4502 was held without bond pursuant to 23 D.C. Code 1322(b).

On June 6, 2019, a grand jury sitting in the United States District Court for the District of Columbia returned a four-count indictment in this case. An unsigned copy of the indictment is attached as Exhibit A. The government intends to rely on the indictment for probable cause and to proceed at the detention hearing by way of proffer. The defendant has been indicted on the following charges:   one count of Unlawful Possession of a Firearm, in violation of Title 18, United States Code,

Section 922(g)(1), one count of Unlawful Possession with Intent to Distribute 28 Grams or More of Cocaine Base, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(iii), one count of Unlawful Possession with Intent to Distribute Heroin, in violation of 21 U.S.C. §§ 841(a)(1); 841(b)(1)(B)(iii) and one count of Possession of Firearms in Furtherance of a Drug Trafficking Offense, in violation of Title 18 United States Code, Section 924(c).

## II.   LEGAL AUTHORITY

As a preliminary matter, the "rules concerning the admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the [detention] hearing." 18 U.S.C. § 3142(f). The parties may proceed by way of proffer and hearsay is permitted. Id.; United States v. Smith, 79 F.3d 1208, 1210 (D.C. Cir. 1996). Moreover, the Government is not required to "spell out in precise detail how the government will prove its case at trial, nor specify exactly what sources it will use." United States v. Martir, 782 F.2d 1141, 1145 (2d Cir. 1986); United States v. Williams, 798 F.Supp. 34, 36 (D.D.C. 1992). A pretrial detention hearing should not be used as a discovery device and cross-examination should be limited to the disputed issues, since the detention hearing is not to be turned into a mini-trial and is not to be used as a subterfuge to obtain discovery. Smith, 79 F.3d at 1210, see also Williams, 798 F. Supp. at 36.

The defendant is subject to two rebuttable presumptions in this case. If probable cause is found that a defendant has committed an offense violating Title 18 United States Code, Section 924(c), there is a rebuttal presumption of detention under Section 3142(e)(3)(B). The statutory presumption provides that, "it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed . . . section 924(c)" of Title 18 of the United States Code.     Additionally, the defendant is charged with Possession with Intent to

Distribute More than 28 Grams of Cocaine Base, which is an offense punishable by more than ten years under the Controlled Substances Act, 21 United States Code et. seq. Section 3142(e)(3)(A) provides that, subject to rebuttal by the person, "it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person and the safety of the community if there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act…". The defendant cannot overcome these presumptions.  Upon conviction, both 18 U.S.C § 924(c) and  21 U.S.C. §§ 841(a)(1) and (b)(1)(B) carry a mandatory minimum of five years imprisonment.

The indictment, standing alone, constitutes probable cause that the person charged committed the offenses charged and is "enough to raise the rebuttable presumption that no condition would reasonably assure the safety of the community." Smith, supra, 79 F.3d at 1210; accord United States v. Williams, 811 F. Supp.2d 274, 276 n.2 and 277 (D.D.C. 2011) (citing Smith and United States v. Carter, 802 F. Supp.2d 180, 182 (D.D.C. 2011)). Relying on the legislative history of this provision, the District of Columbia Circuit Court has observed that the rebuttable presumption covering serious drug trafficking offenses was included because of the "significant risk of pretrial recidivism" among persons charged with major drug felonies. United States v. Alatishe, 768 F.2d 364, 370 n.13 (D.C. Cir. 1985) (citing S. Rep. No. 225, 98th Cong., 1st Sess. 20 (1983), U.S. Code Cong. & Admin. News 1984, p. 3203)).  When the rebuttable presumption of Title 18, United States Code, Section 3142(e) is triggered, it operates "at a minimum to impose a burden of production on the defendant to offer some credible evidence contrary to the statutory presumption." Id. at 371.

The Bail Reform Act Section 3142(e), which authorizes detention without bail pending trial, provides:

> If, after a hearing pursuant to the provisions of subsection (f) of this section, the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer **shall order** the detention of the person before trial.

18 U.S.C. § 3142(e) (emphasis added). Factors that the Court must consider when determining whether there are release conditions that will reasonably assure a defendant's appearance as required and the safety of any person and the community are: (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug, (2) the weight of the evidence against the person, (3) the history and characteristics of the person, and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g). A defendant must be detained pending trial if the Court determines that no condition or combination of conditions "will reasonably assure the appearance of the person as required and the safety of any other person and the community . . ." 18 U.S.C. § 3142(e). A judicial determination that a defendant should be detained pending trial on grounds of community safety must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f)(2)(B); see also United States v. Simpkins, 826 F.2d 94, 96 (D.C. Cir. 1987); Alatishe, supra, 768 F.2d at 370. As the legislative history of the statute reflects, the risk that a defendant will continue to engage in drug dealing if released, in itself, constitutes a danger to the community:

> The committee intends that the concern about safety be given a broader construction than merely danger of harm involving violence. . . . The Committee also emphasizes that the risk that a defendant will continue to engage in drug trafficking constitutes a danger to the "safety of any other person or the community."

S.Rep. No. 225, 98th Cong., 2d Sess. 307, reprinted in 1984 U.S.Code Cong. & Ad.News 3182, at 3195-3196.

In this case, because probable cause has been established that the defendant possessed with intent to distribute cocaine base and heroin, and that he possessed a firearm in furtherance of that drug trafficking offense, the statutory presumptions favoring detention apply and operate to compel the defendant's pre-trial detention, unless and until the defendant presents evidence in rebuttal. Even when a defendant presents evidence to attempt rebuttal of a presumption, the presumption "remains a factor for consideration by the district court in determining whether to release or detain."

Additionally, the government may request detention in any case involving a crime of violence, per Section 3142(f)(1)(A); a drug crime punishable by more than ten years, per Section 3142(f)(1)(C); and a crime involving possession of a firearm, per Section 3142(f)(1)(E). All of these sections are applicable to the defendant's actions in this case and the defendant should be detained.

### III. FACTUAL BACKGROUND

On May 28, 2019, at approximately 6:47 p.m., uniformed Metropolitan Police Department (MPD) Officers Wilmino Pantaleon and Aaron Follman were conducting patrol in the Edgewood community located at 601 Edgewood Street, N.E., Washington D.C., due to a high volume of calls for drug complaints and at the request of the security personnel at the location. While walking through the public laundry area in the basement of 601 Edgewood St N.E., Officer Pantaleon observed the defendant huddled in a corner in between two vending machines.

Officer Pantaleon approached the defendant to make contact with him and as he approached, he observed the defendant holding a black case under his arm and a clear plastic bag containing a tan powder like substance in his hand.

Upon seeing Officer Pantaleon, the defendant attempted to flee by running over Officer Pantaleon. Officer Pantaleon then attempted to detain the defendant, who started to punch Officer Pantaleon in the chest and face area in an attempt to get away. Officer Follman entered the laundry room and observed the defendant continuously reaching inside the crotch of his pants as he wrestled with Officer Pantaleon. Officer Follman grabbed the defendant's hand and assisted Officer Pantaleon with taking the defendant to the ground.

As the defendant was continuing to resist arrest, Officers observed an object fall out of the defendant's pants which both Officers immediately recognized to be a firearm. The defendant immediately reached for the firearm, but Officer Follman was able to keep the defendant from grabbing it. Officer Follman was then able to move the firearm out of reach of the defendant until the defendant was placed in handcuffs and the scene rendered safe.

The firearm was recovered from under the vending machine where the officer had slid it during the arrest. The firearm was a Smith & Wesson 9mm semi-automatic pistol. The weapon was fully loaded with a 7 round magazine and 1 in the chamber.

A portion of the tan powder like substance recovered from the defendant was field tested positive for heroin and the clear plastic bag weighed 3 grams. The black case that the defendant had in his possession contained a large clear plastic bag of a white rock like substance which weighed 62.5 grams. A portion of the white rock like substance field tested positive for cocaine base.

Search incident to arrest, Officers also recovered from the defendant's pants pocket a brown tissue which contained a white rock like substance, 30 packets of Buprenorphine and Naloxone Sublingual Film which is a Schedule III narcotic, and a white plastic bag from the defendant's sock, which also contained white rock like substances. A records check was conducted, which showed defendant had prior convictions for crimes punishable by more than one year incarceration.

IV.     **DEFENDANT'S CRIMINAL HISTORY**

The defendant has three prior criminal convictions for Possession with Intent to Distribute Cocaine in the District of Columbia Superior Court, docket number 2004-FEL-006025, Unlawful Possession of a Firearm (Prior Conviction), in the District of Columbia Superior Court, docket number 2010-CF2-017133, and Unlawful Possession of a Firearm (Prior Conviction), in the District of Columbia Superior Court, docket number 2016-CF2-000770, for which the defendant is currently under supervision until October 10, 2020.

V.      **ARGUMENT**

All four factors that the court is to consider under 18 U.S.C. § 3142(g) favor detention in this case.

First, as to the nature and circumstances of the offense charged, the defendant is a felon in possession of a firearm and a large amount of crack cocaine and heroin. The firearm was loaded and both the firearm and the drugs were possessed in the community. The defendant did not comply with officers when they attempted to speak with him and actively resisted arrest. The defendant pulled out a loaded-firearm during a struggle with officers. The defendant's actions on this date presented a danger to himself, the officers, and the community.

As to the second factor, the weight of the evidence against the person, the government would assert that there is very strong evidence in this case.  The firearm and drugs are both recovered directly from the defendant's person, and the incident is documented on body-worn camera. The amount of drugs – over 60 grams – is much more consistent with distribution than personal use.

The third factor, the history and characteristics of the person, also favors detention.     The defendant is on supervision for a criminal conviction for the same type of crime for which he is charged in this case, unlawful possession of a firearm (prior conviction).      Rather than ceasing to

7

engage in criminal activity after his release from incarceration, the evidence indicates the defendant is continuing criminal behavior while armed with a loaded firearm.

Finally, the government asserts that the nature and seriousness of the danger to the community that would be posed by the defendant's release is simply too great in this case. The defendant is selling illegal narcotics in the community and is doing so while armed with a firearm. Two rebuttable presumptions apply and the defendant has not overcome those presumptions.

The government reserves the right to, and will make, further arguments at the detention hearing. The government respectfully requests this Court to find, by clear and convincing evidence, that no condition or combination of conditions can be imposed that would reasonably assure the safety of the community. This Court should order that Robert Leake be held without bond during the pendency of this case to ensure his appearance as required and to protect the safety of any other person and the community from the defendant.

**WHEREFORE**, we respectfully request that the Court issue an Order granting the government's motion that Robert Leake be held without bond.

Respectfully submitted,
JESSIE K. LIU
UNITED STATES ATTORNEY
D.C. Bar No. 472845

By:  _____/s/_____

Lindsey Marcus, F.L. Bar 86114
Assistant United States Attorney
555 4th Street, N.W., Fourth Floor
Washington, D.C. 20530
202-252-2527
Lindsey.marcus@usdoj.gov